UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**TIMOTHY DOUGLAS BLEVINS,**

    **Plaintiff,**

    v.                                         Case No.: 6:13-cv-162-ORL-22DAB

**FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES,**

    **Defendant.**

_____/

## DEFENDANT FAMU'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant FLORIDA AGRICULTURAL AND MECHANICAL UNIVERSITY BOARD OF TRUSTEES ("FAMU") respectfully submits the following Answer and Affirmative Defenses in response to the Second Amended Complaint filed by Plaintiff TIMOTHY DOUGLAS BLEVINS ("Plaintiff").

Defendant denies each and every allegation of Plaintiff's Second Amended Complaint not expressly or otherwise admitted below. Defendant also specifically reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

Defendant's responses to the corresponding headings and each of the specifically numbered paragraphs of Plaintiff's Second Amended Complaint are as follows:

## PARTIES

1.  Admitted that Plaintiff is a resident of Florida. FAMU denies the allegations in the second sentence and further responds that Plaintiff was employed with FAMU as a Legal Methods Instructor in a visiting status. Admitted that Plaintiff graduated from Texas Southern University School of Law in 1994 with a Juris Doctor degree. Admitted that Plaintiff is currently sixty-four (64) years old.

2.  Admitted for jurisdictional purposes only. FAMU further responds that it is a member of the State University System of Florida. FAMU's College of Law is located at 201 Beggs Avenue, Orlando, Florida 32801, otherwise denied.

## JURISDICTION AND VENUE

3.  Admitted.

4.  Admitted that venue is proper in the Middle District of Florida, otherwise denied.

## FACTUAL HISTORY

5.  Admitted.

6.  Admitted that Plaintiff was hired on June 6, 2006, in the status of a visiting legal methods instructor, otherwise denied. FAMU further responds that Plaintiff first worked as an instructor with FAMU College of Law's Legal Education Advancement Program ("LEAP") during the summer of 2006, and began teaching Legal Methods in the fall of 2006.

7.  Admitted as to the dates, but otherwise denied. FAMU further

states that while some of Plaintiff's various employment agreements (issued based on the academic year) may have indicated the title of Assistant Professor his appointment status was as a visiting legal method's instructor as Plaintiff did not hold a professor status at FAMU.

8. Denied. FAMU further responds that Plaintiff applied for a regular non-tenured track instructor position on March 25, 2010.[1]

9. Admitted that in July 2010 Plaintiff signed a FAMU Faculty Employment Contract for a one year period, otherwise denied.

10. Admitted that the contract covered the 2010-2011 school year, otherwise denied.

11. Denied.

12. Denied that the positions were "permanent" (see footnote 1), otherwise admitted.

13. Denied.

14. Denied as alleged, but admitted that Plaintiff interviewed for a regular non-tenure track instructor position in July 2011. FAMU further responds that all professors with visiting contracts who wished to be considered for the regular non-tenure track instructor positions participated in interviews.

15. Admitted that Plaintiff sent Carrie Gavin a letter dated May 23, 2011, but denied that the letter mentioned new hires or identified new hires as

---

[1] Plaintiff's use of the phrase "permanent position" is somewhat misleading in that a "permanent" position at FAMU does not describe a position that is intended to last forever. FAMU's use of the designation "permanent" merely serves to distinguish from "visiting" positions. Thus, the "permanent position" for which Plaintiff sought was, in fact, a regular non-tenure track instructor position with a one-year term.

3

females, as younger than Plaintiff, or as less qualified than Plaintiff.

16. Admitted.

17. Admitted.

18. Admitted that Plaintiff was advised that his contract would not be renewed for the 2011-2012 school year, otherwise denied.

19. Admitted.

20. Admitted that Plaintiff wrote to Dean Leroy Pernell alleging that not reappointing Plaintiff violated FAMU Regulation 10.207, but otherwise denied.

21. Admitted.

22. Admitted.

23. Admitted that on September 28, 2011, FAMU agreed to rehire Plaintiff for the 2011-2012 school year as a Visiting Instructor, Non-Tenure Earning at an annual salary of $80,000.00, otherwise denied. FAMU further responds that, by its terms, the settlement agreement resolved all of Plaintiff's claims that were pending at the time which included his Plaintiff's complaint alleging a violation of FAMU Regulation 10.207, as well as his pending EOP complaints.

24. Denied.

25. Denied.

26. Denied. FAMU further responds that Plaintiff filled out a Technical Assistance Questionnaire with the Florida Commission on Human Relations ("FCHR") on February 28, 2012, whereby he checked the boxes alleging age and

sex discrimination, not retaliation. FAMU further responds that Plaintiff did not file his Charge with the FCHR until March 23, 2012 and the Charge makes no allegation that Plaintiff's non-renewal was the result of retaliation. Further, while Plaintiff may have filled out an FCHR questionnaire and checked a box for retaliation he did not submit or file that document with the FCHR or the EEOC.

27. Admitted.

28. Admitted that Plaintiff was not rehired for a second time by FAMU after his contract expired on May 11, 2012. FAMU further responds that Plaintiff's one-year contract for the 2011-2012 school year was terminal and not intended to extend beyond one academic year. FAMU further responds that Blevins did not inquire about a teaching position for the 2012 summer session or the 2012-2013 school year.

29. Without knowledge, therefore denied.

30. Denied. FAMU further responds that Plaintiff had the same opportunities as any other prospective applicant seeking a teaching position for the 2012 summer session or 2012-2013 school year.

31. Admitted. FAMU further responds that the FCHR findings were limited to age and sex and made no reference to retaliation. FAMU denies the FCHR finding was supported by the evidence and denies that the determination was a correct one.

32. Admitted.

33. Admitted.

34. Denied.

35. Without knowledge, therefore denied.

### COUNT I – VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA) (29 U.S.C. § 623(a)(1))

36. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above, as if fully stated herein.

37. Admitted.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Without knowledge, therefore denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (e), some of which is not a remedy available to Plaintiff.

### COUNT II – VIOLATION OF TITLE VII (REVERSE SEX DISCRIMINATION)

44. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate his prior Count I (paragraphs thirty-six (36) through forty-three (43)) into this paragraph, FAMU moves to strike those allegations.

6

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Without knowledge, therefore denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (e), some of which is not a remedy available to Plaintiff.

### **COUNT III – VIOLATION OF TITLE VII (RETALIATION)**

51. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I and II (paragraphs thirty-six (36) through fifty (50)) into this paragraph, FAMU moves to strike those allegations.

52. Admitted that Title VII makes it unlawful for an employer to discriminate against an employee because the employee has opposed sex discrimination in the workplace or filed a charge of sex discrimination, otherwise denied. FAMU further responds that Plaintiff failed to exhaust his administrative remedies on his retaliation allegations.

53. Denied.

54. Denied.

55. Denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (e), some of which is not a remedy available to Plaintiff.

## COUNT IV – RETALIATION (AGE DISCRIMINATION IN EMPLOYMENT ACT)
### 29 U.S.C. § 623(d)

56. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I, II and III (paragraphs thirty-six (36) through fifty-five (55)) into this paragraph, FAMU moves to strike those allegations.

57. Admitted that the Age Discrimination in Employment Act makes it unlawful for an employer to discriminate against an employee because the employee has opposed age discrimination in the workplace or filed a charge of age discrimination, otherwise denied. FAMU further responds that Plaintiff failed to exhaust his administrative remedies on his retaliation allegations.

58. Denied.

59. Denied.

60. Denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (e), some of which is not a remedy available to Plaintiff.

### COUNT V — AGE DISCRIMINATION
### (VIOLATION OF FLORIDA CIVIL RIGHTS ACT, § 760.10)

61. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I, II, III and IV (paragraphs thirty-six (36) through sixty (60)) into this paragraph, FAMU moves to strike those allegations.

62. Admitted.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Without knowledge, therefore denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (d), some of which is not a

remedy available to Plaintiff.

## COUNT VI — REVERSE SEX DISCRIMINATION
## (VIOLATION OF FLORIDA CIVIL RIGHTS ACT, § 760.10)

69. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I, II, III, IV, and V (paragraphs thirty-six (36) through sixty-eight (68)) into this paragraph, FAMU moves to strike those allegations.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Without knowledge, therefore denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (d), some of which is not a remedy available to Plaintiff.

## COUNT VII — RETALIATION UNDER THE FLORIDA CIVIL RIGHTS
## ACT OF 1992 (VIOLATION OF FLORIDA CIVIL RIGHTS ACT, § 760.10)

76. Plaintiff does not include a paragraph 76 in his Second Amended Complaint.

77. Plaintiff does not include a paragraph 77 in his Second Amended Complaint.

78. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I, II, III, IV, V and VI (paragraphs thirty-six (36) through seventy-seven (77)) into this paragraph, FAMU moves to strike those allegations.

79. Admitted that the Florida Civil Rights Act ("FCRA") makes it unlawful for an employer to discriminate against an employee because the employee has opposed sex or age discrimination in the workplace or filed a charge of age and/or sex discrimination, otherwise denied. FAMU further responds that Plaintiff failed to exhaust his administrative remedies on his FCRA retaliation allegations which are now time barred.

80. Denied.

81. Denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (d), some of which is not a remedy available to Plaintiff.

### **COUNT VIII — VIOLATION OF EQUAL PAY ACT, 29 U.S.C. & 206(d)**

82. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to

incorporate prior Counts I, II, III, IV, V, VI and VII (paragraphs thirty-six (36) through eighty-one (81)) into this paragraph, FAMU moves to strike those allegations.

83. Admitted.

84. Denied. FAMU objects to the extent Plaintiff attempts to raise an age claim under the Equal Pay Act.

85. Denied, and FAMU further responds that Plaintiff was paid $80,000.00 in his last contract year of employment, the same salary as others in similar positions.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (c), some of which is not a remedy available to Plaintiff.

## COUNT IX — RETALIATION IN VIOLATION OF THE EPA

86. Defendant re-alleges and incorporates its response to paragraphs one (1) through thirty-five (35) above. As to Plaintiff's improper attempt to incorporate prior Counts I, II, III, IV, V, VI, VII and VIII (paragraphs thirty-six (36) through eighty-five (85)) into this paragraph, FAMU moves to strike those allegations.

87. Admitted that Plaintiff filed an internal complaint with FAMU about the alleged disparity in pay between Plaintiff and female employees. Without

knowledge, and therefore denied, that Plaintiff complained to his supervisor.

88. Denied.

89. Denied.

WHEREFORE CLAUSE: FAMU denies all allegations in Plaintiff's WHEREFORE clause and further denies that Plaintiff has incurred or is entitled to any legal or other relief from FAMU including, without limitation, the relief requested by Plaintiff in subparagraphs (a) through (g), some of which is not a remedy available to Plaintiff.

## **AFFIRMATIVE DEFENSES**

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery. Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses to the Complaint:

### **FIRST AFFIRMATIVE DEFENSE: SENIORITY, MERIT, PRODUCTIVITY OR FACTORS OTHER THAN SEX**

If Plaintiff was paid less than female comparators at FAMU, which FAMU denies, any difference in salary was not due to Plaintiff's sex. FAMU's actions pertaining to the compensation of its legal methods instructors were based on the good faith assessment of considerations expressly provided for under the Equal Pay Act such as (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

FAMU considered multiple factors other than sex when setting the salaries of its Legal Methods Instructors. For example, market factors at the time of hiring justified higher pay for the new Legal Methods Instructor (non-visiting) positions at the College of Law compared to current instructors (visiting), regardless of the instructor's sex. Further, the College of Law was in the midst of its accreditation process with the American Bar Association (ABA) which necessitated converting its visiting instructor positions to regular instructor positions. These two types of position are distinct, and justify different levels of pay.

## SECOND AFFIRMATIVE DEFENSE: NO SIMILARLY SITUATED EMPLOYEE

Plaintiff has not properly asserted or alleged any female comparators or younger comparators who were similarly situated to himself in all respects including, for example, seniority, merit, or productivity, in order to support his claims for discrimination, retaliation or Equal Pay Act violations.

## THIRD AFFIRMATIVE DEFENSE: LEGITIMATE, NON-DISCRIMINATORY BUSINESS REASONS

FAMU's decision not to offer Plaintiff another employment contract for the 2011-2012 school year and any other actions or decisions were based upon legitimate, nondiscriminatory, business reasons and other reasonable factors, other than Plaintiff's age or sex, and for non-retaliatory reasons, including the Legal Methods Instructor Selection Committee's recommendation that other applicants were preferable after, among other things, review of their applications and interviews. Though Plaintiff did not request a position for the 2012 summer

session or 2012-2013 school year, there were no job vacancies available as each instructor chosen by the Selection Committee for the 2011-2012 school year remained in his or her position for the 2012-2013 school year.

## FOURTH AFFIRMATIVE DEFENSE: <u>NO PRETEXT</u>

FAMU's decision not to renew Plaintiff's contract for 2011-2012 was made for a lawful reason, based on the Selection Committee's recommendation that other applicants were preferable after review of their applications and interviews, and not as pretext to disguise discrimination based on age, sex, or for any other reason. Though Plaintiff did not request a position for the 2012 summer session or 2012-2013 school year, there were no job vacancies available as each instructor chosen by the Selection Committee for the 2011-2012 school year remained in his or her position for the 2012-2013 school year.

## FIFTH AFFIRMATIVE DEFENSE: <u>STATUTE OF LIMITATIONS</u>

If Plaintiff succeeds on his Equal Pay Act claim, which FAMU denies in its entirety, Plaintiff is only entitled to recover for two years from the date of filing his lawsuit due to the applicable statute of limitations (29 U.S.C. §255(a)). Plaintiff alleges that if he was paid the same as the female instructors he would have made not less than $80,000.00 per year. In the 2011-2012 school year, Plaintiff made $80,000.00. In 2010-2011, the only other school year within the applicable limitations window, Plaintiff made $77,500.00. Therefore, Plaintiff's claim of back pay under the Equal Pay Act, which FAMU denies in its entirety, would be limited

to a maximum amount of $2,500.00.

## SIXTH AFFIRMATIVE DEFENSE: GOOD FAITH

FAMU's actions in this matter were made in good faith, were necessary for the performance of its operations, and were unrelated in any way to Plaintiff's gender, age or other protected class, or other protected category including participating in a protected activity. Any failure to pay Plaintiff the same salary as other similarly situated employees or female comparators, which FAMU expressly denies, was in good faith and based on FAMU's reasonable understanding of and compliance with Title VII of the Civil Rights Act of 1964 ("Title VII") and the Equal Pay Act's requirements. Thus, Plaintiff's entitlement to damages, which FAMU denies in full, should not include a provision for liquidated damages.

## SEVENTH AFFIRMATIVE DEFENSE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Plaintiff failed to fully and properly exhaust his administrative remedies as to the Florida Civil Rights Act (the "FCRA") and Title VII retaliation counts. Plaintiff may have attempted, but ultimately failed, to file a charge with the Florida Commission on Human Relations ("FCHR") or the Equal Employment Opportunity Commission ("EEOC") alleging retaliation. The only charge Plaintiff successfully filed, and the only charge which the FCHR investigated, alleges age discrimination and sex discrimination, but is silent on retaliation. Because Plaintiff never filed his retaliation allegations with the FCHR or EEOC, and retaliation did

not arise out of the charge, the FCHR and EEOC did not investigate the allegations. Thus Plaintiff has failed to exhaust his administrative remedies and is barred from raising retaliation claims in this case.

**EIGHTH AFFIRMATIVE DEFENSE:**
**<u>TIME-BARRED CLAIMS</u>**

Plaintiff's claims of retaliation under the FCRA and Title VII are time-barred. Plaintiff failed to timely exhaust his administrative remedies by filing a charge of discrimination with the FCHR and/or the EEOC within the required time periods (365 days under the FCRA and 300 days under Title VII) from the date in July 2011 when he knew he was not selected as a non-tenured Legal Methods Instructor and/or the date in May 2012 when Plaintiff knew that his FAMU contract for the 2011-2012 school year expired and he would not be offered a contract for the 2012-2013 school year.

**NINTH AFFIRMATIVE DEFENSE:**
**<u>CAPS ON DAMAGES</u>**

Plaintiff is not entitled to an award of compensatory damages under the circumstances of this case. Further, Plaintiff's claims for a recovery of damages under the Florida Civil Rights Act, Section 760.10, *Florida Statutes*, to which FAMU denies he is entitled, are subject to a statutory cap of $200,000.00. Case law further provides that the compensatory damage cap is inclusive of attorneys' fees. *See* Fla. Stat. § 768.28(5) (2010); *Fla. State Univ. v. Esposito*, 991 So. 2d 924, 927-28 (Fla. 1st DCA 2008). Title VII claims are likewise capped under the applicable provisions of 42 U.S.C. § 1981a. Further, Punitive damages are not

available against FAMU, a member of the State University System of Florida.

**TENTH AFFIRMATIVE DEFENSE:**
**FAILURE TO MITIGATE DAMAGES**

While FAMU completely denies Plaintiff's entitlement to damages, upon information and belief, Plaintiff has failed to comply with his ongoing duty to mitigate or reasonably attempt to mitigate his alleged damages by obtaining substitute employment. By reason of any such failure to mitigate losses, the amount of recovery, his entitlement to damages, which FAMU expressly denies, should be reduced accordingly and by the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE:**
**AFTER ACQUIRED EVIDENCE**

Plaintiff's claims for damages, the entitlement to which FAMU expressly denies, are barred to the extent that any evidence acquired subsequent to the termination of his employment constitutes a legitimate reason for termination and/or not offering Plaintiff a new contract.

**TWELFTH AFFIRMATIVE DEFENSE:**
**NO PROXIMATE CAUSATION**

There is no proximate causation between Plaintiff's alleged damages and any alleged act, omission, or breach of duty by FAMU.

**THIRTEENTH AFFIRMATIVE DEFENSE:**
**CLAIMS BARRED BY SETTLEMENT AGREEMENT**

To the extent that some or all of Plaintiff's claims were settled and released by the September 28, 2011 Settlement Agreement (and its release) which resolved all matters raised in Plaintiff's internal complaint(s) against

FAMU, Plaintiff is not permitted to raise them again in this litigation.

### FOURTEENTH AFFIRMATIVE DEFENSE: SOVEREIGN IMMUNITY

Some or all of Plaintiff's claims may be barred under the doctrine of sovereign immunity as FAMU is a member of the State University System of Florida.

WHEREFORE, having fully answered and responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests this honorable Court to:

1. Dismiss Plaintiff's Complaint in its entirety with prejudice;

2. Enter judgment in favor of Defendant;

3. Award all costs, including reasonable attorneys' fees to Defendant and against Plaintiff, pursuant to applicable law; and,

4. Award Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of August, 2013.

**/s/ RICHARD E. MITCHELL**
RICHARD E. MITCHELL, ESQ.
Florida Bar No.: 0168092
rick.mitchell@gray-robinson.com
SUSAN T. SPRADLEY, ESQ.
Florida Bar No.: 0818712
susan.spradley@gray-robinson.com
GRAYROBINSON, P.A.
301 East Pine Street, Suite 1400
Post Office Box 3068 (32802-3068)
Orlando, Florida 32801
(407) 843-8880 Telephone
(407) 244-5690 Facsimile

*Lead Trial Counsel for Defendant, Florida Agricultural and Mechanical University Board of Trustees*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 5th day of August, 2013, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following: Attorney for Plaintiff, Pete Solnick, Esq., Solnick Law P.A., 1815 Griffin Road, Suite 207, Dania, FL 33004; email: pete@solnicklaw.com.

                                       **/s/ RICHARD E. MITCHELL**
                                         RICHARD E. MITCHELL, ESQ.

# 6220378 v7